IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

MICHAEL BARNETT,

    Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.

Civil Action No. 3:22-cv-228

## COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA

Plaintiff, Michael Barnett, makes the following representations to the Court for the purpose of obtaining relief from Defendant's refusal to pay long term disability (LTD) benefits due under an ERISA employee benefit plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"):

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)). Plaintiff's claims "relate to" "employee welfare benefits plan[s]" as defined by ERISA, 29 U.S.C. § 1001 *et seq*. and the subject Benefit Plan constitutes "plan[s] under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Eastern District of Tennessee pursuant to 29 U.S.C. § 1132(e)(2).

## PARTIES

4. Plaintiff, Michael Barnett, (hereinafter "Plaintiff" or "Mr. Barnett"), is currently and was at all relevant times, a resident of Knox County, Tennessee.

5. Aetna Life Insurance Company (hereinafter "Aetna"), is an insurance company authorized to transact the business of insurance in this state, and may be served at its principal place of business: 151 Farmington Avenue, RT21, Hartford, CT 06156.

6. Defendant Hartford Life and Accident Insurance Company (hereinafter Hartford) is an insurance company authorized to transact the business of insurance in this state, and may be served with process through the Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243-1131.

7. Upon information and belief Hartford acquired Aetna and Hartford is now making decisions on whether benefits are owed under Aetna's policies and Hartford is paying benefits owed under Aetna's policies, including the Plaintiff's.

## FACTS

8. Plaintiff was employed by Pep Boys, in its Knoxville, Tennessee location.

9. By virtue of his employment, Plaintiff was enrolled in the The Pep Boys Manny, Moe, and Jack Employee Benefits Plan, which is an ERISA employee welfare benefit plan (the "Plan").

10. Benefits under the Plan are insured by Aetna under Group Long Term Disability Policy No. GP-800167, issued by Aetna to Pep Boys.

11. Plaintiff is a participant or beneficiary of the Plan.

12. The Plan contains a "test of disability" provision which provides: "From the date that you first become disabled until Monthly benefits are payable for 24 months, you will be disabled on any day if: you are not able to perform the material duties of your own occupation solely because of disease or injury and your work earnings are 80% or less of your adjusted pre disability earnings. After the first 24 months that any Monthly Benefit is payable during a period of disability, you will be deemed to be disabled on any day if you are not able to work at any reasonable occupation solely because of disease; or injury."

13. The plan defines reasonable occupation as any gainful activity for which you are; or may reasonably become; fitted by: education, training, or experience; and which results in or can be expected to result in; an income of more than 80% of your adjusted predisability earnings.

14. Plaintiff ceased work due to a disability related to his medical conditions, including recurring cellulitis and MRSA infections, and morbid obesity on November 11, 2008, while covered under the Plan.

15. In 2008, Mr. Barnett suffered an injury to his leg, resulting in an infection that eventually became septic, and required hospitalization to treat his infection.

16. Mr. Barnett is morbidly obese, weighing over 600 lbs., complicating his recovery process.

17. He continues to have recurring infections, pain, swelling in his legs, and difficulty walking or sitting for prolonged periods due to swelling in his legs and his weight.

18. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policies.

19. Plaintiff filed an application for LTD benefits under the Plan.

20. Aetna approved Plaintiff's application and paid benefits from August 13, 2009 until September 14, 2021.

21. Between 2009 and 2021, Aetna and then Hartford reviewed Mr. Barnett's claim periodically and found that he remained disabled under the terms of the plan.

22. Mr. Barnett filed an application for disability benefits from the Social Security Administration, and was found disabled under their rules since November 10, 2008.

23. Mr. Barnett continues to be found disabled and receive Social Security Disability Insurance Benefits to this day.

24. Throughout this period, Mr. Barnett submitted medical records and opinion forms from Dr. Riegel, his primary care physician, and records from other physicians he visited on occasion.

25. In April of 2021, Hartford's file-reviewing physician Dr. Oldham performed a medical record review and concluded that Mr. Barnett had no restrictions and limitations, although she acknowledged his medical records indicated he had a venous ulcer on his tibia.

26. A vocational consultant for Hartford concluded that there were eight occupations that Mr. Barnett could perform based on Dr. Oldham's review.

27. After this review, Hartford continued to pay Mr. Barnett's claim.

28. Hartford then required Mr. Barnett to attend a medical examination, and the provider noted that Mr. Barnett had difficulty ambulating, getting on and off the table, and required a cane to walk short distances and a walker to walk longer ones. The doctor ultimately concluded that he had restrictions including standing for two hours up to 30 minutes at a time, walking for one hour up to 30 minutes at a time, and unlimited sitting with periods of recumbency to elevate his legs were warranted.

29. After the medical exam, Hartford's vocational consultant concluded that two occupations, egg processor and jacket preparer, were a "fair" match to Mr. Barnett's skills.

30. By letter dated September 14, 2021, Hartford terminated Plaintiff's LTD claim, stating that he was now able to perform sedentary work and therefore was not disabled from any reasonable occupation as the policy defines that term.

31. Plaintiff appealed the termination of his benefits by letter, supporting the appeal by providing a statement describing his difficulty going back to gainful employment because of his medical issues, copies of emergency room admissions, and a support letter from Dr. Riegel.

32. The hospital records submitted by Mr. Barnett demonstrate that in 2021 alone he was admitted to the hospital three times due to septic infections.

33. Dr. Riegel's support letter specifically stated that Mr. Barnett has chronic, significant medical issues including chronic lower extremity edema contributing to his cellulitis and that Mr. Barnett was unable to perform any occupation requiring him to sit for more than two hours at a time nor stand for more than one hour at a time due to the chronic swelling in his legs.

34. Dr. Riegel also stated that the job descriptions provided to Mr. Barnett were untenable for him due to his conditions.

35. Dr. Riegel noted that Mr. Barnett has to elevate his legs after one or two hours of his legs being down, and this management has allowed Mr. Barnett to have reduced episodes of infections.

36. Hartford next hired Dr. Sunadaram to review Mr. Barnett's file in November 2021. Dr. Sundaram gave the opinion that Mr. Barnett could perform sedentary work despite a need to elevate his legs periodically, and could sit for two to four hours at a time up to eight

5

hours, stand for thirty minutes to one hour at a time up to eight hours and walk for thirty to forty-five minutes at a time up to eight hours, operate foot controls frequently and could lift and up carry up to 50 lbs occasionally if he could place objects on the seat of his walker to transport them.

37. Hartford requested an additional file review from Dr. Sundaram on January 19, 2022, who concluded that although Mr. Barnett's weight problems are a significant factor in his medical conditions, his inability to fit in chairs in the office has a minimal impact on his functional abilities in the office because "office and household furniture options have likely not been exhausted, so there must be furniture that can accommodate him," and acknowledged that Mr. Barnett had been admitted to the hospital for septic infection in 2021, but concluded that since he did not need to go to a skilled nursing facility or additional rehabilitation Mr. Barnett would be able to work.

38. Based on this additional file review, Hartford's vocational consultant concluded that Mr. Barnett could perform the sedentary occupations of credit authorizer and jacket preparer.

39. By letter dated February 3, 2022, Hartford denied that appeal, relying heavily on Dr. Sundaram's review, and stated that its decision was final.

40. Plaintiff has exhausted his administrative remedies under the Plan.

41. The Plan does not contain an appropriate grant of discretion to Aetna therefore the Court should review Hartford's decision under the de novo standard of review.

42. Hartford would pay any benefits due out of its own funds.

43. Hartford owed Plaintiff duties as a fiduciary of the ERISA Plan, including the duty of loyalty.

44. Hartford was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

45. Hartford allowed its concern over its own funds to influence its decision-making.

46. Hartford breached its fiduciary duties to Plaintiff, including the duty of loyalty.

## FIRST CAUSE OF ACTION
## FOR PLAN BENEFITS PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

PLAINTIFF incorporates the allegations contained in the above paragraphs as if fully stated herein and says further that:

47. Under the terms of the Plan and policy, Defendant agreed to provide Plaintiff with LTD benefits in the event that Plaintiff became disabled as defined by the Plan.

48. Plaintiff is disabled and entitled to benefits under the terms of the Plan.

49. Defendant failed to provide benefits due under the terms of the Plan, and these denials of benefits to Plaintiff constitute breaches of the Plan.

50. The decisions to deny benefits were wrong under the terms of the Plan.

51. The decisions to deny benefits and decision-making processes were arbitrary and capricious.

52. The decisions to deny benefits were influenced by the Defendant's financial conflict of interest.

53. The decisions to deny benefits were not supported by substantial evidence in the record.

54. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

55. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff requests that this Court grant him the following relief in this case:

**On Plaintiff's First Cause of Action:**

1. A finding in favor of Plaintiff against the Defendant;

2. Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring the Plan or appropriate Plan fiduciaries to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan, as well as any other collateral benefits to which he might be entitled on the basis of being disabled under the LTD plan.

5. Plaintiff's reasonable attorney fees and costs; and

6. Such other relief as this court deems just and proper.

Dated this 1st day of July, 2022.

Respectfully submitted,

ERIC BUCHANAN & ASSOCIATES, PLLC
ATTORNEYS FOR PLAINTIFF

BY: */s/Hudson T. Ellis*
     Hudson T. Ellis (BPR #28330)

Kaci D. Garrabrant (BPR 039026)
414 McCallie Avenue
Chattanooga, TN 37402
(423) 634-2506
FAX: (423) 634-2505
ellish@buchanandisability.com
kgarrabrant@buchanandisability.com